UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.

**DECISION AND ORDER**
14-CR-0155S

TRE SMITHERMAN,

          Defendant.
_____

UNITED STATES OF AMERICA,

       v.

**DECISION AND ORDER**
12-CR-0103S

KENNETH PETTWAY, JR., et al.,

          Defendants.

1.     Presently before this Court is the Government's motion to consolidate the indictments in these two cases. Rule 13 of the Federal Rules of Criminal Procedure permits a court to order "that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment."   Multiple offenses are appropriately charged jointly when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).   An indictment may charge multiple defendants in one or more counts, together or separately, when "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.

R. Crim. P.  8(b).   In the Second Circuit,  a "commonsense rule" is applied "to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to [one or more of] the defendants resulting from the joinder." United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007); United States v. Turoff, 853 F.2d 1037, 1044 (2d Cir. 1988)

2.      Here, Defendant Smitherman is charged in Indictment 14-cr-155S ("Smitherman Indictment") with murdering Charles Myles-Jones on November 29, 2010 for the purpose of gaining entrance to an enterprise engaged in racketeering activity in violation of 18 U.S.C. § 1959(1). (Count 1.) He is further charged with carrying and using a firearm in the commission of that crime. (Count 2.)   The Government argues that joinder with the Fourth Superseding Indictment in 12-CR-103 ("Pettway Indicment") is proper because the alleged "enterprise" and the "racketeering activity" are the same in both cases.       The indictments each describe the enterprise as:

> a group of individuals associated in fact for which the members and associates of the enterprise variously referred to themselves by, among other names, "the Bailey Boys," "Bailey and Minnesota," and "Six-Deuce," and which are hereinafter referred to as "the Bailey Boys Enterprise." The Bailey Boys Enterprise, which was and is a violent street gang, constituted an ongoing organization whose members function as a continuing unit for the common purpose of achieving the objectives of the enterprise.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

Both indictments describe the activity of the Bailey Boys' members and associates in support of the enterprise as:

> 1)      Obtaining and then distributing marijuana, heroin, cocaine and cocaine base (also known as "crack") in the gang's territory to enrich members of the Bailey Boys Enterprise;

2)     Robbing individuals in order to obtain their money and their valuables, also to enrich members of the Bailey Boys Enterprise; and

3)     Committing acts of violence including conspiring to murder, attempting to murder and murdering members of rival gangs and non-members of the Bailey Boys Enterprise to avenge acts of violence perpetrated against members of the Bailey Boys Enterprise and committing these same acts of violence against individuals who engaged in or attempted to engage in criminal activity in the gang's territory and against anyone who committed any act that the members of the Bailey Boys Enterprise viewed as a threat or an insult to the enterprise or to an individual member of the enterprise.

The Smitherman Indicment further alleges that:

The Bailey Boys Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18 United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving (1) murder in violation of New York State Penal Laws; (2) robbery in violation of New York State Penal Laws and (3) trafficking in controlled substances in violation of Title 21, United States Code, Sections 841 and 846.

More detail is provided in the Pettway Indictment's racketeering charge (Count 1):

Beginning sometime in 2004, the exact date being unknown, and continuing thereafter to the date of the return of this Fourth Superseding Indictment, in the Western District of New York, and elsewhere, the defendants, together with others, both known and unknown to the grand jury, being persons employed by and associated with the Bailey Boys Enterprise, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, did unlawfully and knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in Title 18, United States Code Sections 1961(1) and 1961(5).

Twelve predicate racketeering acts are alleged in Count 1.

The Pettway Indicment further charges the ten named Defendants with an additional 37 counts, including racketeering conspiracy, conspiracy to possess and

distribute cocaine, firearms possession and use, and 19 counts of committing a violent crime in aid of racketeering in violation of 18 U.S.C. § 1959.   Each of the § 1959 violent crimes occurred after Smitherman allegedly murdered Myles-Jones on November 29, 2010, with the first occurring a month later on December 30, 2010 and the last occurring a year and a half later in May 2012.   Ten of these incidents also serve as predicate acts in the racketeering charge against Defendants Pettway, Tyrone Brown, Tariq Brown, Allen, and Washington.   Defendant Smitherman is not named or charged in any count in this indictment, nor is the November 2010 murder alleged to be a predicate racketeering act under Count 1 of this Indictment.

3.     The Government argues that the charges against Defendant Smitherman are related to those in the Pettway Indictment because:

> The evidence that will be used to prove the connection of the murder of Charles Myles-Jones by defendant Smitherman will demonstrate, as it must to prove a violation of 18 U.S.C. § 1959(1), that Smitherman committed the murder "for the purpose of gaining entrance to" the enterprise, the Bailey Boys.  The evidence that will be used to prove the connection of the two murders committed by Tyrone Brown, Jr. will demonstrate that Brown, whom the proof will demonstrate was already a member of the Bailey Boys when he committed the murders and attempted murders charged in 12-CR-103, committed these crimes of violence "to maintain or increase position in an enterprise," again the Bailey Boys.

(12-cr-103 Docket No. 353 at 2-3; 14-cr-155 Docket No. 10 at 2.) The connection the Government is attempting to highlight with this paragraph is vague at best.

Much more relevant is the need for evidence at both trials that the Bailey Boys were in fact an "enterprise engaged in racketeering activity" at or around the time of the November 2010 murder. 18 U.S.C. § 1959; see generally United States v. Rahman, 189

4

F.3d 88, 126 (2d Cir. 1999), *cert denied*, 528 U.S. 1094 (2000).   The Government

asserts that judicial economy warrants that these indictments be tried together because:

> the Court will hear the evidence of the existence of the enterprise and the
> evidence of all of the racketeering acts charged in the <u>Pettway</u> case in
> that trial.   Then, in the separate trial of [Defendant] Smitherman, the
> Court will again hear the same enterprise evidence and hear evidence <u>of
> at least as many of the racketeering acts as may be necessary to prove
> the elements of Count 1 in the Smitherman indictment</u>.

(14-cr-155 Docket No. 6 at 3 (emphasis added);12-cr-103S Docket No. 331 at 2.)   In

the Pettway indictment, however, the only racketeering act that could potentially have

occurred prior to November 29, 2010 is the alleged conspiracy between Pettway,

Tyrone Brown, and Black (this last defendant being named but not charged) to possess

with the intent to distribute and the distribution of cocaine existing between "sometime

in 2010 to late 2011."   One or two subsequently occurring racketeering acts – such as

the alleged January 19, 2011 murder committed by Tyrone Brown – would tend to

support the conclusion that the Bailey Boys were an enterprise engaged in racketeering

activity in November 2010.   The probative value of proof of further subsequent

incidents, however, quickly becomes overshadowed by the prejudicial effect on

Defendant Smitherman resulting from a jury hearing proof of an additional seventeen or

so acts of murder and assault, particularly where there are no allegations of

Smitherman's involvement in any other conspiracy or act charged in the Pettway

Indictment.   Accordingly, because it is unclear from the Government's submissions that

evidence of the Bailey Boys' status as an enterprise engaged in racketeering prior to or

during November 2010 would be so extensive as to outweigh this potential prejudice,

the motion to consolidate the indictments is denied. <u>See</u> <u>Shellef</u>, 507 F.3d at 98.

IT HEREBY IS ORDERED, that the Government's motion to consolidate

(14-cr-155S Docket No. 6; 12-cr-103S Docket No. 331) is DENIED;

FURTHER, that Defendant Smitherman's motion to sever (14-cr-155S Docket

No. 8) is DENIED as moot.

SO ORDERED.

Dated:   November 20, 2014
         Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court