UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,                          **DECISION AND ORDER**

v.                                                                       12-CR-00103-WMS-JJM

KENNETH PETTWAY, et al.,

                                    Defendants.

_____

    Before me is the government's motion [380]  for reconsideration of portions of

my Report, Recommendation and Order [369].  Oral argument was held on March 2, 2013 [397].

Familiarity with the relevant facts is presumed.  For the following reasons, the motion is denied.


                                    **ANALYSIS**

    "The decision to grant or deny a motion for reconsideration is within the sound

discretion of the district court."  Vann v. Fischer, 2015 WL 105792, *1 (S.D.N.Y. 2015).

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly

in the interests of finality and conservation of scarce judicial resources."  Id. *2.

    The government asks that it now be allowed to respond to defense arguments

which it allegedly "inadvertently overlooked".  [380], p. 2.  However, "[i]t is black letter law that

a motion for reconsideration may not be used to advance . . .  arguments not previously presented

to the Court".  National Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Professional Football

Ltd. Partnership, 2010 WL 5141229, *2 (2d Cir. 2010) (Summary Order).

The government suggests that "the outcome (at least in part) should not turn on . . . the court's technically correct response to the failure to respond, especially without giving some notice to the government that would have allowed the government to cure its shortcomings". [380], p. 2. However, in fairness to all parties, this court cannot advise any party as to which arguments should be made or responded to. *See* In re Shore, 193 B.R. 598, 603 (S.D.Fla. 1996) ("defenses should be raised by the litigants at the appropriate time for judicial determination. It is not the court's obligation to remind the parties just what defenses are available to them").

"[A] motion for reargument is not a substitute for an appeal." Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink International Corp., 401 F.3d 28, 35 (2d Cir. 2005). Therefore, the denial of this motion is without prejudice to the government's opportunity to seek relief from Judge Skretny in connection with its objections to my Report, Recommendation and Order. *See* L.R. Crim. P. 59(b)(3).

## CONCLUSION

For these reasons, the government's motion [380] is denied.

DATED:    March 3, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge